**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GARY PREVITO** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:08cv177-HSO-JMR** |
| | § | |
| **RYOBI NORTH AMERICA, INC., et al.** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
STRIKE PLAINTIFF'S EXPERT DESIGNATION OF CERTAIN TREATING
PHYSICIANS FOR INADEQUATE DISCLOSURE, GRANTING DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DESIGNATION OF GWEN
COUSINS, M.D., AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXPERT DESIGNATION**

BEFORE THE COURT is the Motion to Strike Plaintiff's Expert Designation of

Certain Treating Physicians for Inadequate Disclosure [160], and Motion to Strike

Plaintiff's Supplemental Designation of Gwen Cousins, M.D. [220], both filed by

Defendant One World Technologies, Inc., on June 1, 2010, and August 24, 2010,

respectively, in the above captioned case.  Also before the Court is the Motion for

Leave to File Supplemental Designation Out of Time [208], filed by Plaintiff Gary

Previto, on August 3, 2010.  All Motions are fully briefed.  After consideration of the

submissions and the relevant legal authorities, and for the reasons discussed below,

the Court finds that Defendant's Motion to Strike Plaintiff's Expert Designation of

Treating Physicians [160] should be denied, that Defendant's Motion to Strike

Plaintiff's Supplemental Designation of Gwen Cousins, M.D. [220], should be granted,

and that Plaintiff's Motion for Leave to File Supplemental Designation Out of Time

[208], should be granted in part and denied in part.

I. <u>BACKGROUND</u>

On April 1, 2010, Plaintiff's expert designation deadline, Plaintiff designated Drs. Larry Killebrew, Sheila Borboli-Gerogiannis, Richard Selser, Rahseed Khan, Gwen Cousins, Laurence Warren Arend, Elizabeth Holley, Mark S. Siegel, and Gregory Bertucci, as treating physicians who may be called to offer expert opinions at the trial of this matter pursuant to Local Uniform Civil Rule for the Northern and Southern Districts of Mississippi 26(a)(2)(D).  Pl.'s Treating Physician Desig. [126]. That same day, Plaintiff designated, among others, Kendall Clarke as a trial expert in the field of metallurgy.  Pl.'s Expert Desig. [125].  On August 3, 2010, Plaintiff filed a Supplemental Designation of Experts, purporting to supplement his prior designations of Clarke and Cousins.  Suppl. Desig. [207].  Also on August 3, 2010, Plaintiff filed a Motion for Leave to file the Supplemental Expert Designation of Clarke and Cousins out of time.  Mot. to Suppl. [208].

In the Motion to Strike Treating Physicians [160], Defendant attempts to strike Plaintiff's treating physicians, other than Dr. Bertucci, as witnesses on grounds that Plaintiff failed to properly designate them pursuant to L.U. CIV. R. 26(a)(2)(D). Def.'s Mot. [160].  By Motion [220], Defendants also seek to exclude Plaintiff's Supplemental Designation of Dr. Cousins, on grounds that the opinions contained in the Supplemental Designation are not based upon the medical treatment of Plaintiff, but are instead expert opinions elicited in anticipation of litigation.  Def.'s Mot. [220].

II.  <u>DISCUSSION</u>

-2-

A.    <u>Defendant's Motion to Strike Treating Physicians</u>

Defendant asks the Court to exclude testimony from Drs. Killebrew, Borboli-Gerogiannis, Selser, Khan, Cousins, Arend, Holley, and Siegel[1] on grounds that Plaintiff failed to properly designate these experts as treating physicians pursuant to L.U. CIV. R. 26(a)(2)(D).  L.U. CIV. R. 26(a)(2)(D), which became effective December 1, 2009, states that:

> [a] party must designate physicians and other witnesses who are not retained or specifically employed to provide expert testimony but are expected to be called to offer expert opinions at trial.  No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under Fed. R. Evid. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify.  The party must also supplement initial disclosures.

L.U. CIV. R. 26(a)(2)(D).  Defendant argues that the Designation "does not properly provide the subject matters on which the witnesses listed are expected to present evidence under Fed. R. Evid. 702, 703, or 705, [or] . . . provide a summary of the facts and opinions on which the witnesses are expected to testify to at trial."  Def.'s Mot. [160] at p. 3.

Upon review, the Court agrees that the Designation is inadequate and does not adhere to the requirements of L.U. CIV. R. 26(a)(2)(D).  In lieu of summarizing any of the physicians' opinions, the Designation instead references attached medical records. Pl.'s Treating Physician Desig. [126].  At least one court within this Circuit has

---

[1]Defendant does not challenge the designation of Dr. Gregory Bertucci, since it is in receipt of a signed copy of his report setting forth the facts and opinions to which he is expected to testify.

concluded that, though a designation may be woefully inadequate pursuant to the 2009 version of L.U.Civ. R. 26(a)(2)(D), *see Doss v. NPS Int'l*, No. 4:09cv38, 2010 WL 2900422, at *2-3 (N.D. Miss. July 20, 2010), treating physicians may be permitted to testify as to those facts and opinions contained in their medical records which have been provided to opposing counsel, *id.* (*citing Duke v. Lowe's Home Ctrs., Inc.*, 2007 WL 3094894, at *1 (N.D. Miss. Oct. 19, 2007) (concluding that without an expert report, a treating physician's testimony was "limited to those facts and opinions contained in [the] medical records")).

There is no serious dispute here that Defendant is in receipt of the medical records for Plaintiff's treating physicians. Those physicians may therefore testify as to the facts and opinions contained within their records. Plaintiff is cautioned, however, that each physician's testimony will be limited to only those medical records reflecting that particular physician's treatment of Plaintiff. *See Lee v. Valdez*, No. 3:07cv1298, 2008 WL 4287730, at * 3 (N.D. Tex. Sept. 18, 2008) (concluding that "district courts in this circuit have generally concluded that the treating-physician exception applies only to opinion testimony based on the physician's personal knowledge of the examination and treatment of the party.").

Based upon the foregoing, Defendant's Motion to Strike Plaintiff's Expert Designation of Certain Treating Physicians for Inadequate Disclosure [160] should be denied. However, the testimony of Drs. Killebrew, Borboli-Gerogiannis, Selser, Khan, Cousins, Arend, Holley, and Siegel, will be restricted to only that treatment provided by each respective physician as reflected in their medical records.

-4-

B.    <u>Defendant's Motion to Strike Plaintiff's Supplemental Designation of Gwen Cousins, M.D.[2]</u>

Plaintiff's Supplemental Designation purports to supplement Dr. Cousins' prior Designation [207] as a treating physician with two new opinions which are "[b]ased on her recent examination of Plaintiff," which occurred on July 29, 2010.  Pl.'s Suppl. Desig. [207]; Cousins' Letter, attached as Ex. "E" to Pl.'s Reply [223].  These new opinions address the size of the object in Plaintiff's eye and whether it could be overstated by the CT equipment used at the hospital shortly after Plaintiff's accident in June 2005, and the benefits, advantages, disadvantages, and costs of Plaintiff having a prosthetic eye.  Pl.'s Suppl. Desig. [207].  Defendant seeks to strike the Supplemental Designation as it relates to Dr. Cousins, on grounds that these opinions were formed in anticipation of litigation as opposed to being formed through a course of treatment, such that they constitute retained expert testimony.

After review of the submissions of the parties and the relevant law, the Court agrees that the challenged opinions of Dr. Cousins are improper treating physician testimony.  It is evident from a review of the record that, prior to her July 29, 2010, assessment, Dr. Cousins' only treatment of Plaintiff was her assistance in the first part of a surgery, which occurred some five years earlier, on June 10, 2005.[3]  *See*

---

[2]Because Plaintiff filed his Supplemental Designation [207] prior to filing his Motion for Leave [208] to do so, the Court will address Defendant's Motion to Strike [220] the Supplemental Designation before addressing Plaintiff's Motion for Leave [208].

[3]Plaintiff's Response to Defendant's Motion incorporates his Reply in support of his Motion for Leave to File Supplemental Expert Designation Out of Time [208], where he attaches a copy of a letter from Dr. Cousins to Plaintiff's counsel, dated August 5, 2010, and which is marked as a "[s]ummary to be included in Mr. Gary Previto's medical record."

-5-

Cousins' Letter, attached as Ex. "E" to Pl.'s Reply [223].  It is also apparent that Dr. Cousins' opinion regarding the size of the foreign body based upon her review of the CT scan, which was taken on June 15, 2005, was not based upon her personal treatment of Plaintiff.  Instead it was founded upon a subsequent review of treatment rendered to Plaintiff by other medical providers.  *Id*.  This is not appropriate treating physician testimony, and is more akin to the testimony of a retained expert.

There is no indication that Dr. Cousins provided any guidance or counseling to Plaintiff during the July 29, 2010, assessment, which pertained to "the benefits, advantages, disadvantages, and costs of Plaintiff having a prosthetic eye." Pl.'s Suppl. Desig. [207]; Cousins' Letter, attached as Ex. "E" to Pl.'s Reply [223].  To the contrary, the record reflects that Dr. Cousins, based upon records regarding the discovery by ophthalmologists other than herself of phthisis in Plaintiff's right eye, "advised [Plaintiff] to make an appointment with Dr. Kyle Acosta, an oculoplastic specialist, for possible enucleation of his right eye."  Cousins' Letter, attached as Ex. "E" to Pl.'s Reply [223].

FED. R. CIV. P. 26(a)(2)(B), which requires disclosures of retained or specially employed experts to be accompanied by written reports, does not apply to witnesses who are not specially employed or retained to provide expert testimony.  *Mitchell v. City of Gulfport*, No. 101cv449, 2005 WL 3116071, at *2 (S.D. Miss. Nov. 18, 2005). This is because the treating physician's testimony, "while necessarily based on his expert opinion as to diagnosis and treatment, is not specially formulated for trial

---

*See* Cousins' Letter, attached as Ex. "E" to Pl.'s Reply [223].

purposes, and thus is not subject to the Rule 26 reporting requirement." *Cooper v. Wal-Mart Transportation, LLC*, No. H-08-0085, 2009 WL 290447, at *4 (S. D. Tex. Feb. 5, 2009).  As such, the testimony of treating physicians is limited to those facts and opinions contained in the medical records.  *Duke v. Lowe's Home Ctrs., Inc.*, 2007 WL 3094894, at *1 (N.D. Miss. Oct. 19, 2007).  Conversely, "where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B)." *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008).

Dr. Cousins' proffered opinions are not proper treating physician testimony to the extent that they: (1) are not reflected in the medical records of her July 29, 2010, assessment of Plaintiff; (2) were prepared in anticipation of litigation; and (3) were not based upon her own medical treatment of Plaintiff.  What Plaintiff seeks to do is supplement Dr. Cousins' prior designation with opinions which are in fact new, not supplemental.  This is not a proper supplementation of Dr. Cousins' prior designation as a treating physician.

To the extent Dr. Cousins' opinions could be considered those of a retained or specially employed expert, her "report," which consists of a two page letter to Plaintiff's counsel summarizing the assessment provided to Plaintiff on July 29, 2010, does not satisfy the reporting requirements of FED. R. CIV. P. 26(a)(2)(B)(i)-(iv).  Any designation of Dr. Cousins as a retained expert at this point would be untimely. Plaintiff filed the Supplemental Designation on August 3, 2010, four months after his

-7-

expert designation deadline, one month after the discovery deadline, and approximately two weeks after Defendants filed their Motion for Summary Judgment [176], or in the alternative, Motion for Partial Summary Judgment[178], and two weeks after Plaintiff filed his own Motion for Partial Summary Judgment [182].

In considering whether to exclude an expert not properly designated, the Court considers four factors: (1) the explanation for failing to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (*citing Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Plaintiff's counsel argues that he did not disclose Dr. Cousins' opinions earlier on grounds that he had "no idea" until recently that Defendant disputed that the object in Plaintiff's eye was the carbide tip of the saw. The Court has reviewed the record and is not persuaded by this argument. Defendant denied that the object in Plaintiff's eye was the carbide tip in both its Answer, and during Plaintiff's December 3, 2009, deposition. *See* Def.'s Answer [23]; *see also* Pl.'s Dep. Excerpts, attached as Ex. "B" to Def.'s Reply [231]. Plaintiff should have been aware that whether the object in Plaintiff's eye was the carbide tip was at issue well before his expert designation deadline. Plaintiff could also have retained an expert to render testimony regarding the 2005 CT scan, prior to his expert designation deadline.

Plaintiff underscores the importance of Dr. Cousins' testimony in generalities. However, Dr. Cousins states only that the object *may* be the carbide tip, not that it *is*

the carbide tip.  She does not otherwise discuss "the benefits, advantages, disadvantages, and costs of Plaintiff having a prosthetic eye."  Pl.'s Suppl. Desig. [207]; Cousins' Letter, attached as Ex. "E" to Pl.'s Reply [223].  Even assuming *arguendo* that Dr. Cousins' testimony was essential to Plaintiff's claims, "the importance of proposed testimony cannot 'singularly override the enforcement of local rules and scheduling orders.'" *Hamburger*, 361 F.3d at 883 (*citing Geiserman*, 893 F.2d at 792).  "Additionally, the importance of the testimony underscores how critical it was for [Plaintiff] to have timely designated Dr. [Cousins]."  *Id.*

The third factor, potential prejudice, weighs in favor of Defendant.  Plaintiff argues that Dr. Cousins' interpretation of the CT scan "ought to be within the original designation" on grounds that one of the medical records in Defendants' possession includes the CT scan and its report.  Pl.'s Reply [223] at p. 9.  However, the record reflects that Dr. Cousins was not involved with Plaintiff's medical treatment at that time.  *See* Med. Rec., attached as Ex. "F" to Def.'s Reply [231].  Nor did the records provide any medical opinion that the size of the object in Plaintiff's eye was overstated by the imagery and could instead be consistent with the size of the carbide tip.  *Id.*; *see also Hamburger*, 361 F.3d at 883 (recognizing that the defendant was prejudiced where the medical records did not address causation and did not alert the defendant that the physician may give expert opinion on that subject).  If Dr. Cousins' testimony is permitted, Defendant would likely need to secure another expert to address the issue.

Lastly, though a continuance might cure prejudice to Defendant by allowing

additional time to obtain a rebuttal witness, it would also result "in additional delay and increase[ ] the expense of defending the lawsuit." *Id.* (*quoting Geiserman*, 893 F.2d at 792). On balance, the factors weigh in favor of striking Plaintiff's Supplemental Designation of Dr. Cousins.

C.    Plaintiff's Motion for Leave to File Supplemental Expert Designation Out of Time

After filing his Supplemental Expert Designation of Dr. Gwen Cousins and Mr. Kendall Clarke, Plaintiff moved for leave to do so. Pl.'s Suppl. Desig. [207]; Pl.'s Mot. for Leave [208]. For the reasons discussed above, Plaintiff's Motion will be denied to the extent it seeks leave to supplement the opinions of Dr. Cousins. Defendant, however, does not object to Plaintiff's supplementation of Mr. Clarke. Def.'s Resp. [219] at p. 1. For this reason, Plaintiff's Motion [208] will be granted in part and denied in part. Plaintiff may supplement Mr. Clarke's designation only.

## III.  CONCLUSION

Based upon the submissions of the parties, the record, and the relevant law, the Court finds that Defendant's Motion to Strike Plaintiff's Expert Designation of Treating Physicians [160] should be denied, that Defendant's Motion to Strike Plaintiff's Supplemental Designation of Gwen Cousins, M.D. [220] should be granted, and that Plaintiff's Motion for Leave to File Supplemental Designation Out of Time [208], should be granted in part, and denied in part.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Strike Plaintiff's Expert Designation of Certain Treating Physicians for Inadequate Disclosure [160], filed by Defendant One World Technologies, Inc., on June 1, 2010, in

the above captioned cause, should be and hereby is **DENIED**.  The testimony of the designated treating physicians will be limited to the facts and opinions contained in their own medical records.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion to Strike Plaintiff's Supplemental Designation of Gwen Cousins, M.D. [220], filed by Defendant One World Technologies, Inc., on August 24, 2010, in the above captioned cause, should be and hereby is **GRANTED**, and the Supplemental Designation of Gwen Cousins should be and hereby is stricken.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the  Motion for Leave to File Supplemental Designation Out of Time [208], filed by Plaintiff Gary Previto, on August 3, 2010, in the above captioned cause, should be and hereby is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff will be permitted to supplement the designation of Mr. Kendall Clarke only.

**SO ORDERED AND ADJUDGED**, this the 16th day of December, 2010.


_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE