IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GARY PREVITO | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:08cv177-HSO-JMR |
| | § | |
| RYOBI NORTH AMERICA, INC., et al. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE ONE WORLD'S SUPPLEMENTAL DESIGNATION OF EXPERT WITNESS**

BEFORE THE COURT is the Motion to Strike One World's Supplemental Designation of Expert Witness [225], filed on September 2, 2010, by Plaintiff Gary Previto, in the above captioned cause. Defendant One World Technologies, Inc., has filed a Response [234], and Plaintiff a Reply [236]. After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion should be denied.

I. BACKGROUND

On May 17, 2010, Defendant designated, among others, James F. Lane and Michael L. Gililland as expert witnesses to testify in the field of engineering in this case. Def.'s Expert Desig. [144]. On August 24, 2010, Defendant filed a Supplemental Designation as to both Lane and Gililland. Def.'s Suppl. Desig. [221]. Plaintiff does not object to the supplementation as it relates to Gililland, but seeks to strike Defendant's supplementation with respect to Lane, on grounds that his opinion is improper supplementation testimony which is untimely, lacks an adequate basis, is otherwise in contravention of the Court's July 29, 2010, Text Order, and was filed without leave of Court.

## II. DISCUSSION

Plaintiff argues that, in his initial report, Lane failed to address one of the three opinions proffered by Plaintiff's expert witness, Kendall Clarke. Namely, "Lane omitted any discussion, opinion, or even mention of the most important defect listed by Clarke, the 'lack of adequate cobalt binder in the tip' and the 'lack of proper mixing of the binder.'" Pl.'s Mot. at p. 3. At Plaintiff's request, Lane's deposition was taken on July 30, 2010, outside of the discovery period. At the deposition, Plaintiff's counsel asked Lane the following:

> Q: [When you received Clarke's report] you saw that that [sic] was one of his conclusions, didn't you, that the carbide tip lacked adequate cobalt binder? You saw that, didn't you?
> A: I did.
> Q: But you chose to put nothing about that in your report; is that right?
> A: My report reflects my opinions of what I felt were the cause–cause of the failure.
> Q: Okay. Let's go to–well, let me ask you this: Do you agree that the tip lacked adequate cobalt binder?
> A: No.

Lane Dep., attached as Ex. "B" to Pl.'s Mot. After the deposition, Defendant supplemented Lane's prior designation stating, "[a]s explained in his deposition, Lane does not agree with Kendall Clarke's opinions regarding a defect in the blade, including specifically that there was inadequate binding in the carbide tip itself." Def.'s Suppl. Desig. [221]. It is this supplementation which Plaintiff now challenges.

FED. R. CIV. P. 26(a)(2)(B)(i) requires that the expert report contain "a complete statement of all opinions the witness will express and the basis and

reasons for them." Under Rule 26(e),

> **(1)** **In General**. A party who has made a disclosure under Rule 26(a)–or who has responded to an interrogatory, request for production, or request for admission–must supplement or correct its disclosure or response:
> **(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> **(B)** as ordered by the court.
>
> **(2)** **Expert Witness**. For an expert whose report must be disclosed under Rule 25(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

FED. R. CIV. P. 26(e). Local Uniform Civil Rule 26(a)(5) for the Northern and Southern Districts of Mississippi permits supplementation of disclosures "at appropriate intervals under FED. R. CIV. P. 26(e) and in no event later than the discovery deadline established by the case management order." L.U. CIV. R. 26(a)(5).

Lane's disagreement with Clarke's opinion that the carbide tip lacked adequate cobalt binder was made known to Plaintiff during the discovery process. Though Lane's deposition was taken past the discovery deadline, it occurred by agreement of the parties, and at Plaintiff's request. Pl.'s Mot. [189]. Thus, to the extent this supplementation was "disclosed" to Plaintiff beyond the discovery deadline, it was prompted by a question posed by Plaintiff's counsel at an out of time deposition he had requested. Plaintiff has therefore "waived any argument

that what was said in the deposition was untimely." *Brawhaw v. Mariner Health Care, Inc.*, 2008 WL 2004707, at *4 (S.D. Miss. May 8, 2008); *see also Guideone Ins. Co. v. Bridges*, No. 2:06cv229, 2008 WL 4371373 (S.D. Miss. Sept. 18, 2008) (holding that a party waives any failure to timely supplement an expert opinion where the deposition was taken by agreement of the parties outside the discovery deadline, and concluding that "[e]xpert opinions supplemented by deposition testimony within the time limits of Rule 26, and at least ninety days prior to trial, are timely.").

Moreover, "the purpose of the discovery rules regarding experts is to prevent ambush at trial with wholly new opinions and/or bases or examples thereof." *Brawhaw*, 2008 WL 2004707, at * 4; *see also Reed v. Iowa Marine and Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994) (the basic purpose of Rule 26(e) is to prevent prejudice and surprise). Here, it was Plaintiff's counsel who noticed the deposition and then inquired as to whether Lane agreed with Clarke's conclusion. Under these circumstances, the purpose of the discovery rules was not frustrated by Defendant's supplementation.

Plaintiff also maintains that Defendant should be prohibited from relying on Lane's deposition testimony in support of any of the pending summary judgment motions, on grounds that the Court entered a Text Order barring Plaintiff from doing so. *See* July 29, 2010, Text Order. The Court is not persuaded by this argument. Plaintiff filed a Motion to take Lane's deposition outside of the discovery period wherein he represented that, if permitted, the deposition would "not be used

*by Plaintiff* with respect to the Motions for Summary Judgment which have been filed in this cause." Pl's Mot. [189] (emphasis added). The Court granted this request. July 29, 2010, Text Order. There is no indication that Defendant agreed to be bound by such a limitation. Moreover, Defendant has submitted evidence that it requested Plaintiff to specify which of its experts Plaintiff wished to depose so available deposition dates could be secured prior to the discovery deadline. June 3, 2010, Letter, attached as Ex. "C" to Def.'s Resp.

Based upon the foregoing, the Court finds that Lane's deposition testimony was timely supplemented. Under the circumstances, Defendant was not obligated to seek leave of Court to file its Supplemental Designation.

### III. CONCLUSION

Based upon the submissions of the parties, the record, and the relevant law, the Court finds that Plaintiff's Motion should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Strike One World's Supplemental Designation of Expert Witness [225], filed on September 2, 2010, by Plaintiff Gary Previto, in the above captioned cause, should be and hereby is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 16th day of December, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE