IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| GARY PREVITO | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:08cv177-HSO-JMR |
| | § | |
| RYOBI NORTH AMERICA, INC., et al. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S ORDER STRIKING PLAINTIFF'S SUPPLEMENTAL EXPERT DESIGNATION OF DR. GWEN COUSINS, AND DENYING ALTERNATIVE RELIEF**

BEFORE THE COURT is the Motion [262] of Plaintiff Gary Previto, to Reconsider the Order [257] Striking Plaintiff's Supplemental Expert Designation of Dr. Gwen Cousins and for Alternative Relief, filed December 20, 2010, in the above captioned case. Defendant One World Technologies, Inc., has filed a Response [265], and Plaintiff a Reply [266]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion should be denied.

I. BACKGROUND

On August 3, 2010, over four months beyond his expert designation deadline, Plaintiff filed a Supplemental Designation of Experts [207] which purported to supplement Dr. Cousins' prior Designation [126] as a treating physician with two new opinions which were "[b]ased on her recent examination of Plaintiff," which occurred on July 29, 2010. Pl.'s Suppl. Desig. [207]; Cousins' Letter, attached as Ex. "E" to Pl.'s Reply [223]. These new opinions addressed the size of the object in Plaintiff's eye and

whether it could be overstated by the CT equipment used at the hospital shortly after Plaintiff's accident in June 2005, and the benefits, advantages, disadvantages, and costs of Plaintiff having a prosthetic eye.  Pl.'s Suppl. Desig. [207].  On August 24, 2010, Defendant filed a Motion [220] seeking to strike the Supplemental Designation of Dr. Cousins, on grounds that these opinions were formed in anticipation of litigation as opposed to being formed through a course of treatment, such that they constituted retained expert testimony.  Mot. to Strike [220].  By Order [257] dated December 16, 2010, the Court concluded that Dr. Cousins' opinions based on her July 29, 2010, examination of Plaintiff were not proper supplementation of her prior designation as a treating physician, and were otherwise untimely as retained expert testimony pursuant to FED. R. CIV. P. 26(a)(2)(B).  The Court granted Defendant's Motion and struck the Supplemental Designation of Dr. Gwen Cousins.  Order [257].

Plaintiff now seeks reconsideration of a portion of the Court's December 16, 2010, Order, or in the alternative requests a continuance of the trial.  Plaintiff also requests oral argument on this Motion.

## II.  DISCUSSION

A.  Oral Argument

Plaintiff requests oral argument in order "to explain the details and grounds of [his] motion more coherently and completely, . . ."  Mot. at p. 3.  The issues presently before this Court have already been thoroughly briefed in connection with Plaintiff's Motion for Leave to File Supplemental Designation Out of Time [208], Defendant One World's Motion to Strike the Supplemental Designation of Gwen Cousins [220], and

Plaintiff's current Motion for Reconsideration [262].  The Court is not persuaded that oral argument would be of any material assistance to the Court in resolving the issues presented by this Motion.

B.      Reconsideration of the Court's December 16, 2010, Order

This Court may "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *Sivori v. Epps*, No. 2:07cv79, 2008 WL 2509757, at *1 (S.D. Miss. 2008) (*citing Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).  "Considerable discretion" is provided to the Court "in deciding whether to grant a motion for reconsideration."  *Id.* (*citing Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993)).

The Court analyzes Plaintiff's Motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  *See id.* at n.1 (acknowledging that Rule 59(e) provides guidance to courts analyzing motions to reconsider orders that are not final judgments).  Under Federal Rule of Civil Procedure 59(e), there are "only three possible grounds for any motion for reconsideration:  (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)(*quoting Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).  With regard to the third ground, this Court has previously cautioned that "any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error law is in fact simply a point of disagreement between the Court and the litigant." *Atkins*,

130 F.R.D. at 626.

Plaintiff seeks reconsideration of the Court's exclusion of the portion of Dr. Cousins' report pertaining to the accuracy of the measurements of the foreign body in Plaintiff's eye taken by a June 15, 2005, CT scan, on grounds that exclusion of this evidence works a manifest injustice.  Plaintiff's Motion essentially reiterates the arguments previously raised in his Reply [223] to One World's Response to his Motion for Leave to File Supplemental Designation Out of Time, which the Court considered and rejected in its December 16, 2010, Order.

Specifically, Plaintiff previously argued that to disallow Dr. Cousins' opinions ". . . could severely prejudice the Plaintiff, and allow the Defendants to present a deliberately false argument to the jury at trial, for no legitimate reason whatsoever." *Id*. at p. 10.  In determining whether to exclude Dr. Cousins' testimony on grounds that she had not been timely designated as a retained expert, the Court engaged in the four factor inquiry articulated in *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875 (5th Cir. 2004), and weighed the importance of Dr. Cousins' testimony.  The Court concluded that "[e]ven assuming *arguendo* that Dr. Cousins' testimony was essential to Plaintiff's claims, 'the importance of proposed testimony cannot 'singularly override the enforcement of local rules and scheduling orders.'" Order [257] at p. 9 (*quoting Hamburger*, 361 F.3d at 883) (internal citations omitted)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge, and its purpose is not to redebate the merits of a particular motion."  *Sivori*, 2008 WL 2509757, at * 1 (internal citations omitted).  "A party seeking

reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court." *Texaco Exploration and Production Inc v. Smackco*, No. 98-2293, 1999 WL 539548, at *1 (E.D. La. 1999).

Based upon the foregoing, the Court is of the opinion that Plaintiff's request for reconsideration should be denied.

C.   Plaintiff's Request for a Continuance of the Trial

Plaintiff alternatively seeks a continuance of the trial "to remove the technical grounds for the Court's Order based on time considerations, and thereby allow the relief sought." Mot. at p. 3. Plaintiff argues that "the technicality supporting the Court's Order of December 16 in striking Cousin's report is that Plaintiff failed to obtain the report prior to the cut-off date for filing Expert Designations." *Id*. at p. 2. Plaintiff incorporates his reasoning set forth in his Reply [223] to One World's Response to his Motion for Leave to File Supplemental Designation Out of Time, in explaining why he was "late in recognizing this issue and its importance," and why his failure to "obtain and file Dr. Cousin's report timely was excusable." *Id*.

The Court considered Plaintiff's arguments in its December 16, 2010, Order, and concluded that, based upon the record, "Plaintiff should have been aware that whether the object in Plaintiff's eye was the carbide tip was at issue well before his expert designation deadline." Order [257] at p. 8. "Plaintiff could also have retained an expert to render testimony regarding the 2005 CT scan, prior to his expert designation deadline." *Id*.

In its December 16, 2010, Order, the Court further considered the availability of a continuance to cure any resulting prejudice to Defendant if Dr. Cousins' testimony were not excluded. *Id.* at p. 8. The availability of a continuance to cure prejudice is only one of four factors to be considered in determining whether an improperly designated expert should be excluded. *Hamburger*, 361 F.3d at 883. The Court concluded that "though a continuance might cure prejudice to Defendant by allowing additional time to obtain a rebuttal witness, it would also result 'in additional delay and increase[ ] the expense of defending the lawsuit.'" *Id.* at pp. 9-10. On balance, the Court determined that the factors weighed in favor of striking Plaintiff's Supplemental Designation of Dr. Cousins. *Id.* at 10. The Court will deny Plaintiff's request to reconsider this decision.

### III. CONCLUSION

The Court has considered Plaintiff's Motion [262] to Reconsider, and all relevant legal authorities, pleadings, and submissions, and concludes that, for the reasons stated herein, the Motion should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [262] of Plaintiff Gary Previto, to Reconsider the Order [257] Striking Plaintiff's Supplemental Expert Designation of Dr. Gwen Cousins and for Alternative Relief, filed December 20, 2010, in the above captioned case, should be and hereby is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 12th day of January, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE