**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GARY PREVITO** § | | **PLAINTIFF** |
| § | | |
| **v.** § | | **Civil Action No. 1:08cv177-HSO-JMR** |
| § | | |
| **RYOBI NORTH AMERICA, INC., et al.** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT.**

BEFORE THE COURT is the Motion for Partial Summary Judgment [182], filed by Plaintiff Gary Previto, on July 19, 2010, in the above captioned case. Defendant One World Technologies, Inc., has filed a Response [222], and Plaintiff a Reply [226]. One World also filed a Surrebuttal [253], and Plaintiff a Reply [254] to the Surrebuttal. After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion should be denied.

I. BACKGROUND

Plaintiff filed his Complaint in the Circuit Court of Harrison County, Mississippi, First Judicial District, on February 7, 2008, raising state law claims against Defendants Ryobi North America, Inc., Ryobi Technologies, Inc., Ryobi Electric Tool Mfg., Inc., One World Technologies, Inc., Techtronics, Inc., Ryobi Limited, Ryobi Power Tools Co., and XYZ Corporation, for injuries he sustained when the carbide tip of a power table saw he was using allegedly separated from the saw and struck him in his eye. Pl.'s Compl., attached to Defs.' Not. of Removal [1]. Defendant One World removed the case to this Court on May 2, 2008, asserting that

the parties were diverse and that the amount in controversy exceeded $75,000.00, exclusive of interest and costs, such that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Not. of Removal [1].

Plaintiff filed an Amended Complaint on May 28, 2008, clarifying, among other things, that the subject accident occurred on June 9, 2005.  Am. Compl. ¶ 7 [18].  On July 14, 2010, Plaintiff sought to dismiss his claims against Defendants Ryobi North America, Inc., Ryobi Electric Tools Mfg., Ryobi Power Tools Co., Ryobi Limited, and XYZ Corporation. Revised Mot. to Dismiss [173].  By Order dated July 26, 2010, the Court granted Plaintiff's Motion to Dismiss as unopposed.  Order [187].  By Order [277] dated January 14, 2011, the Court dismissed Defendant Techtronics, Inc., from this case.  Ryobi Technologies, Inc., and One World Technologies, Inc., are the only remaining Defendants.

The Amended Complaint advances claims of negligence and strict liability against Defendants for:

> (a) manufacturing and distributing a defective and unsafe saw and blade; (b) distributing and releasing to the public the aforesaid product when Defendant knew or should have known it was defective and unsafe; (c) failing to properly examine, inspect, and check out the aforesaid product prior to releasing same; (d) failure to provide a safe and adequate system for quality control over the manufacturing, packaging, and distributing of the product; and (e) any other act or omission of negligence or strict liability which may be shown in discovery or at trial.

Am. Compl. ¶ 8 [18].  Plaintiff now moves for partial summary judgment on grounds that the carbide tip in question was defective in lacking adequate cobalt binder.

II.  DISCUSSION

A.  Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Mudrick v. Cross Equipment Ltd.*, 250 Fed. App'x 54, 56 (5th Cir. 2007) (*quoting Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000)).

When the moving party bears the burden of proof on the relevant issues at trial, the moving party "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original).  "The moving party bears a heavier burden when seeking summary judgment on a claim or defense on which it would bear the burden of proof at trial."  *Cooper v. Wal-Mart Transportation, LLC*, 662 F. Supp. 2d 757, 772 (S.D. Tex. 2009) (*citing Fontenot*, 780 F.2d at 1194).

B.  Plaintiff's Motion for Partial Summary Judgment

The Mississippi Products Liability Act (MPLA), MISS. CODE ANN. § 11-1-63, provides that:

>   (a) The manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:
>
>   > (i)   1.   The product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications, . . .

MISS. CODE ANN. § 11-1-63(a)(i)(1).

Plaintiff argues that the carbide tip which separated from the blade was defective due to inadequate cobalt binder. He submits the report of his expert, Mr. Kendall Clarke, in support of this contention. Mr. Clarke opined that:

> [t]he most probable proximate cause of the tip failure as a nearly complete unit was the lack of adequate cobalt binder in the tip. This lack of binder where the tip fractured produced an easy path for crack propagation. Lack of proper in [sic] mixing of the binder is a latent manufacturing defect.

Clarke Rep. at p. 4, attached as Ex. "A" to Pl.'s Mot.

In response, One World has attached the report of its metallurgical engineer, Mr. James Lane, P.E., who concluded that:

> [t]he fact that there is fractured carbide material well adhered to the steel blade by the braze suggests that the tip impacted a hard surface–substantially harder than a soft pine 2x4, cracking the carbide rather than a simple braze failure.

Lane Rep. at p. 5, attached as Ex. "D" to Def.'s Resp. One World argues that Mr. Clarke's opinion is contradicted insofar as Mr. Lane believes that the braze and carbide tip broke because they hit a hard surface, namely the throat plate of the saw. *See id.* (Mr. Lane opines that the carbide tip separated from the blade while striking the underside of the throat plate). One World contends that "Lane does not believe

-4-

the tip was somehow insufficient as Clarke opines and broke as a result; he believes the carbide tip broke because it hit the throat plate." Def.'s Resp. at p. 9.

Plaintiff counters that Mr. Clarke's opinion is not "genuinely disputed" on grounds that "[w]hether or not the carbide tip separated from the blade when it struck the throat plate, or because it struck the throat plate, does not indicate, one way or the other, whether the carbide tip 'lacked adequate cobalt binder.'" Pl.'s Reply at p. 7. Plaintiff maintains that "just because Lane thinks the proximate cause of the tip failure was its impact with the throat plate does not mean that the adequacy of the cobalt binder in the tip is irrelevant; inadequacy of the cobalt binder could be . . . a secondary and proximate cause of the tip failure." Pl.'s Reply to Surrebuttal at p. 3.

Both parties supply their own interpretations of Mr. Lane's opinion. Because reasonable minds could differ on the matter, whether the carbide tip was defective due to inadequate cobalt binder is best left for the determination of the jury after weighing the testimony and the credibility of the witnesses. In addition, One World has submitted Mr. Lane's deposition transcript and Supplemental Designation, both of which clearly indicate his disagreement with Mr. Clarke's opinion that the carbide tip lacked adequate cobalt binder.[1] Lane Dep. at pp. 13-14, attached as Ex. "F" to Def.'s Resp.; Lane Suppl. Rep., attached as Ex. "G" to Def.'s Resp. These disagreements create a material fact question for jury resolution.

---

[1]Plaintiff has challenged Mr. Lane's disagreement with Mr. Clarke's opinion on grounds that it is unsupported by facts, data, information, or testing. Pl.'s Reply to Surrebuttal at p. 4. By Order [278] dated January 19, 2011, the Court has indicated that it will take up any such substantive challenge to this testimony at trial.

### III.  CONCLUSION

Based upon the foregoing, Plaintiff has not carried his heavy burden on his Motion for Partial Summary Judgment.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion for Partial Summary Judgment [182], filed by Plaintiff Gary Previto, on July 19, 2010, in the above captioned case, should be and hereby is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 19th day of January, 2011.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE